UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| D B Industries, LLC, d/b/a Capital Safety USA,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>Buckingham Manufacturing Co., Inc.,<br><br>　　　　　　　　　　Defendant. | Case No. _____<br><br>**COMPLAINT**<br>**(Jury Trial Demanded)** |

D B Industries, LLC, d/b/a Capital Safety USA ("Capital Safety"), for its Complaint against Defendant Buckingham Manufacturing Co., Inc. ("Buckingham"), states and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271, 281-285.

## PARTIES

2. Capital Safety is a Minnesota limited liability company having a principal place of business at 3833 Sala Way, Red Wing, Minnesota 55066.

3. Buckingham is a New York Corporation having a Registered Office address at 1-11 Travis Avenue, Binghamton, New York, 13904.

11559099v1

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a), and 1367.

5. This Court has personal jurisdiction over Buckingham because Buckingham has purposefully availed itself of the privilege of conducting business in this District. Specifically, Buckingham has committed such purposeful acts or transactions in the State of Minnesota that it reasonably knew or expected that it could be hailed into a Minnesota court as a future consequence of such activity. Buckingham sells and offers for sale infringing fall protection equipment within the District of Minnesota and has a continuing presence and the requisite minimum contacts with the District of Minnesota. Accordingly, this Court has personal jurisdiction over Buckingham.

6. Venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c), and 28 U.S.C. § 1400(b).

## COUNT I

### (Infringement of U.S. Patent No. 8,919,496)

7. On December 30, 2014, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,919,496 ("the '496 Patent"), titled "Suspension Trauma Relief Strap Assembly for Use with a Full Body Harness." Capital Safety owns all rights, title, and interest in and to the '496 Patent. A true and correct copy of the '496 Patent is attached to this Complaint as Exhibit A.

8. By filing this Complaint, Capital Safety has complied with the statutory notice requirement in 35 U.S.C. § 287(a).

9. Buckingham has directly infringed, contributed to the infringement of, and/or induced infringement of the '496 Patent by making, using, offering to sell, selling, and/or importing in the United States products that practice one or more of the inventions claimed in the '496 Patent, including Buckingham's "BuckStep" body support system (Buckingham Product No. 105RS). A depiction of Buckingham's "BuckStep" body support system is reproduced below.



10. Buckingham's "BuckStep" body support system embodies and is intended to practice the invention described and claimed in the '496 Patent.

11. Buckingham has profited by making, using, offering to sell, selling, and/or importing in the United States its infringing "BuckStep" body support system.

12. As a result of Buckingham's infringement of the '496 Patent, Capital Safety has suffered and will continue to suffer damage.

13. Capital Safety is entitled to recover from Buckingham the damages it has suffered as a result of Buckingham's unlawful acts.

14. On information and belief, Buckingham intends to continue its infringement of the '496 Patent, and Capital Safety continues to and will continue to suffer irreparable harm—for which there is no adequate remedy at law—from such infringement unless this Court enjoins Buckingham.

15. On information and belief, Buckingham's infringement of the '496 Patent is willful and deliberate, entitling Capital Safety to enhanced damages and its reasonable attorneys' fees and costs.

## COUNT II

### (Infringement of U.S. Patent No. 8,887,866)

16. On November 18, 2014, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,887,866 ("the '866 Patent"), titled "Pole Climbing Fall Prevention Assembly." Capital Safety owns all rights, title, and interest in and to the '866 Patent. A true and correct copy of the '866 Patent is attached to this Complaint as Exhibit B.

17. By filing this Complaint, Capital Safety has complied with the statutory notice requirement in 35 U.S.C. § 287(a).

18. Buckingham has directly infringed, contributed to the infringement of, and/or induced infringement of the '866 Patent by making, using, offering to sell, selling,

and/or importing in the United States products that practice one or more of the inventions claimed in the '866 Patent, including Buckingham's "SuperSqueeze" fall restriction devices (Buckingham Model Series 488, including at least Model Nos. 488W, 488W2, 488TW, 488TW2, 488R, and 488RT).  A depiction of one version of Buckingham's "SuperSqueeze" fall restriction devices is reproduced below.



19.     Buckingham's "SuperSqueeze" fall restriction devices embody and are intended to practice the invention described and claimed in the '866 Patent.

20.     Buckingham has profited by making, using, offering to sell, selling, and/or importing in the United States its infringing "SuperSqueeze" fall restriction devices.

21.     As a result of Buckingham's infringement of the '866 Patent, Capital Safety has suffered and will continue to suffer damage.

22.     Capital Safety is entitled to recover from Buckingham the damages it has suffered as a result of Buckingham's unlawful acts.

11559099v1

23. On information and belief, Buckingham intends to continue its infringement of the '866 Patent, and Capital Safety continues to and will continue to suffer irreparable harm—for which there is no adequate remedy at law—from such infringement unless this Court enjoins Buckingham.

24. On information and belief, Buckingham's infringement of the '866 Patent is willful and deliberate, entitling Capital Safety to enhanced damages and its reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Capital Safety prays that the Court find in its favor and against Buckingham and that the Court grant Capital Safety the following relief:

1. Judgment that Buckingham has infringed one or more claims of the '496 Patent and the '866 Patent (collectively, "the Capital Safety Patents") either literally and/or under the doctrine of equivalents;

2. Judgment that Buckingham account for and pay to Capital Safety all damages to and costs incurred by Capital Safety because of Buckingham's infringement of the Capital Safety Patents;

3. An Order permanently enjoining Buckingham, its parent companies, subsidiaries, affiliates, sister companies, officers, agents, servants, employees, attorneys, distributors, and all others in active concert or participation with Buckingham, from infringing the Capital Safety Patents.

11559099v1

4. An Order requiring Buckingham to deliver up, or cause to be delivered up, for destruction all products in Buckingham's possession or control that infringe the Capital Safety Patents;

5. An Order declaring this to be an exceptional case and awarding Capital Safety its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285;

6. Judgment requiring Buckingham to pay Capital Safety pre-judgment interest, in accordance with Minn. Stat. §§ 549.09(b) and (c)(2), at the legal rate of 10% per annum; and

7. Judgment or Order awarding Capital Safety such other relief as the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Capital Safety hereby demands a trial by jury of all issues so triable.

Respectfully submitted,

Date: February 26, 2015

**BOWMAN AND BROOKE LLP**

s/Steven L. Reitenour
Richard G. Morgan (#157053)
Timothy Mattson (#194517)
Steven L. Reitenour (#225691)
150 South Fifth Street, Suite 3000
Minneapolis, MN 55402
Tel.: 612.339.8682
Fax.: 612.672.3200

*Attorneys for Plaintiff D B Industries, LLC, d/b/a Capital Safety USA*